UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM MCDERMET, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LIBERTY POWER CORP., LLC and | ) |
| LIBERTY POWER MASSACHUSETTS, LLC, | ) |
| | ) |
| Defendants. | ) |

## **NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

Defendant Liberty Power Corp., LLC, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby removes the above-titled action to the United States District Court for the District of Massachusetts from the Essex County Superior Court of the Commonwealth of Massachusetts, and for its Notice of Removal further states as follows:

1. Defendant is named in a civil action filed and pending in Essex County Superior Court entitled William McDermet v. Liberty Power Corp., LLC et al., Civil Action No. 1777CV01536 (the "Civil Action"). The Complaint and Jury Demand ("Complaint") was filed on or about October 11, 2017.

2. The suit is of a wholly civil nature. The action is pending in Essex Superior Court located in Salem, Massachusetts. (**Exhibit A**). Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts sitting in Boston is the proper forum for removal.

{K0702461.2}

3. The Complaint alleges, *inter alia*, violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* (Complaint, ¶ 1). Plaintiff's Complaint "necessarily raises a federal question" that is actually disputed and substantial. R.I. Fishermen's All., Inc. v. R.I. Dep't of Envtl. Mgmt., 585 F.3d 42, 49-51 (1st Cir. 2009). The Supreme Court has held that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Mims v. Arrow Fin. Services, LLC, 565 U.S. 368, 376 (2012). Thus, removal is warranted, as this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state law claims under the Massachusetts Telemarketing Solicitation statute (M.G.L. c. 159C) and the Massachusetts Consumer Protection Act (M.G.L. c. 93A) are inextricably related to the federal claim, and form part of the same case or controversy as the claim arising under federal law. *Id.*

4. Further, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, due to diversity of citizenship of the parties and an amount in controversy that exceeds the jurisdictional amount.

5. There is complete diversity of citizenship of the parties to this action according to the allegations and claims asserted in the Complaint. According to Plaintiff's allegations, Plaintiff resides in Ipswich, Essex County, Massachusetts. (Complaint, ¶ 2). Plaintiff alleges that Liberty Power Corp, LLC and Liberty Power Massachusetts, LLC are Delaware corporations with principal places of business in Fort Lauderdale, Florida. (Complaint, ¶ 3).[1]

---

[1] In fact, Liberty Power Massachusetts, LLC is no longer an ongoing entity and was dissolved in 2009.

{K0702461.2}                    2

6.      Plaintiff alleges on the Civil Action Cover Sheet and in his Complaint money damages in the amount of $126,000.00.  Accordingly, the amount-in-controversy, as alleged, exceeds $75,000.00, exclusive of interest and costs.

7.      Liberty Power Massachusetts, LLC is not an ongoing entity, and was dissolved in 2009.  Thus, it cannot be properly served, it has not been properly joined as a party to this proceeding, and its consent to removal is not necessary.   Thus, all defendants to the claims over which this Court has original jurisdiction – specifically, Liberty Power Corp, LLC – have joined in or consented to removal of the Civil Action.

8.      The Summons and Complaint in the Civil Action were served on Defendant on December 20, 2017.  Defendant is filing this Notice within thirty (30) days of its receipt of the Complaint, within thirty (30) days of the date this action became removable, and within the time prescribed for filing this notice.  See 28 U.S.C. § 1446.

9.      Defendant will file a copy of this Notice with the Clerk of the Essex County Superior Court, and will serve a copy of the Notice of Removal on all other parties to the case as required by 28 U.S.C. § 1446(d).  A copy of the Notice to the Clerk of the Plymouth County Superior Court is attached hereto, as **Exhibit B**.

10.     Defendant will file a certified or attested copy of the state court record with this Court within twenty-eight (28) days after the filing of this Notice in accordance with Local Rule 81.1(a).

WHEREFORE, Defendant Liberty Power Corp., LLC gives notice that the above action now pending in the Essex County Superior Court of Massachusetts is removed to United States District Court for the District of Massachusetts.

Respectfully submitted,

**LIBERTY POWER CORP., LLC,**
By its attorneys,


/s/ Pamela C. Rutkowski
Craig R. Waksler (B.B.O. # 566087)
Pamela C. Rutkowski (B.B.O. # 681618)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
cwaksler@eckertseamans.com
prutkowski@eckertseamans.com

Dated:  January 9, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants, including specifically by first class U.S. mail, postage prepaid, to:

William McDermet, *pro se*
4 Second Street
Ipswich, MA 01938

Date:   January 9, 2018

/s/ Pamela C. Rutkowski
Pamela C. Rutkowski