# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 17CV1536A | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): WILLIAM McDERMET <br> ADDRESS: 4 SECOND STREET <br> IPSWICH, MA 01938 <br><br> ATTORNEY: N/A <br> ADDRESS: <br><br> BBO: | | COUNTY ESSEX <br><br> DEFENDANT(S): LIBERTY POWER CORP, LLC <br> LIBERTY POWER MASSACHUSETTS, LLC <br> ADDRESS: 1901 W. CYPRESS CREEK ROAD <br> SUITE 600 <br> FORT LAUDERDALE, FL 33309 |

TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BH I | TRADE REGULATION | A | ☒ YES ☐ NO |

*If "Other" please describe:

STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses
 2. Total doctor expenses
 3. Total chiropractic expenses
 4. Total physical therapy expenses
 5. Total other expenses (describe below)
  Subtotal (A):
B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
VIOLATIONS OF THE FEDERAL TELEPHONE CONSUMER
PROTECTION ACT, AND M.G.L. c. 159C.

TOTAL (A-F): $126,000.00

CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X /s/ W. McDermet   Date: 10/11/17

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

NONE

CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X    Date:

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                                           SUPERIOR COURT
                                                                                                     CIVIL ACTION
                                                                                                     No. 17 CV 1536

WILLIAM MCDERMET ........................................................................, Plaintiff(s)

v.

LIBERTY POWER CORP, LLC ............................................................, Defendant(s)

SUMMONS         12/20/17  9:15am
                          PS#276

To the above named Defendant:

You are hereby summoned and required to serve upon **WILLIAM MCDERMET, SPS#276**, plaintiff's attorney, whose address is **4 SECOND STREET, IPSWICH, MA 01938**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at **SALEM**, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the **20TH** day of **OCTOBER 2017**, in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                         SUPERIOR COURT DEPARTMENT
                                                   CIVIL ACTION NO: 17 CV

| | |
|---|---|
| WILLIAM MCDERMET | ) |
|  | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| LIBERTY POWER CORP. LLC | ) |
| LIBERTY POWER MASSACHUSETTS, LLC | ) |
|  | ) |
| Defendants | ) |

FILED ESSEX SUPERIOR COURT 2017 OCT 11 A 6:56

## COMPLAINT AND JURY DEMAND

1. This is a civil action for damages based on the defendant's violations of: the Federal Telephone Consumer Protection Act (47 U.S. Code § 227); Massachusetts's Telemarketing Solicitation statute (M.G.L.c. 159C); and the Massachusetts Consumer Protection Act (M.G.L. c. 93A).

## THE PARTIES

2. Plaintiff, WILLIAM MCDERMET, is a natural person residing currently and at all times relevant to this action in Ipswich, Essex County, Massachusetts.

3. Defendants, LIBERTY POWER CORP and LIBERTY POWER MASSACHUSETTS are limited liability companies headquartered at 1901 W. Cypress Creek Road, Suite 600, Fort Lauderdale, Florida, organized under the laws of the state of Delaware, and registered with the Massachusetts Secretary of State.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the causes of action alleged in this Verified Complaint because the defendant has had sufficient contact with Massachusetts in connection with the causes of action alleged in this Verified Complaint pursuant to G.L. c. 223A, § 3, and c. 93A.

5. The Plaintiff has been a Massachusetts resident at all times during the events enumerated in this Complaint.

6. Venue is appropriate because the violations complained of all occurred in Essex County, Massachusetts.

## STATEMENT OF FACTS

7. Plaintiff registered his home telephone number (978-356-0256) and cellular telephone number (978-270-8669) with both the State and Federal Do-Not-Call Registries on August 16, 2003, and January 28, 2010, respectively, in accordance with G.L. c. 159C, 201 CR 12.05, 47 U.S. Code 227 (the Telephone Consumer Protection Act), and 16 C.F.R. § 310.4(b)(1)(iii)(B).

2

8. On nineteen occasions, Defendants, or their agents, telephoned Plaintiff on his cell phone. These calls were received on the following dates:

| Call Date | Call Time | Number Calling | Company Name Given |
|---|---|---|---|
| 7/12/16 | 17:39:46 | 617-993-0071 | none |
| 7/12/16 | 17:47:35 | 484-378-8082 | none |
| 10/4/16 | 16:34:25 | 978-525-9182 | Energy Discount Office |
| 11/28/16 | 18:30:25 | 508-202-1270 | Liberty Power |
| 12/8/16 | 16:11:42 | 508-202-1270 | Liberty Power |
| 12/8/16 | 16:17:55 | 508-202-1270 | Liberty Power |
| 12/9/16 | 11:13:43 | 845-288-8059 | none |
| 12/9/16 | 11:13:58 | 845-288-8059 | Liberty Power |
| 12/9/16 | 16:44:55 | 508-202-1270 | Liberty Power |
| 12/12/16 | 10:16:53 | 508-202-1270 | Liberty Power |
| 12/16/16 | 17:19:16 | 508-202-1270 | Liberty Power |
| 12/19/16 | 18:01:58 | 508-202-1270 | Liberty Power |
| 12/23/16 | 13:26:00 | 508-202-1270 | Liberty Power |
| 12/24/16 | 10:06:00 | 508-202-1270 | Liberty Power |
| 8/29/17 | 14:43:39 | 815-315-4724 | Liberty Power |
| 9/7/17 | 17:01:12 | 815-315-4724 | Liberty Power |
| 9/14/17 | 14:36:36 | 508-749-6209 | Eversource |
| 9/29/17 | 14:00:46 | 815-315-4724 | Liberty Power |
| 9/29/17 | 18:05:01 | 815-315-4724 | Liberty Power |

9. On each of these nineteen occasions, Plaintiff's caller identification failed to identify the caller. On four occasions (August 29, 2017, September 17, 2017, and twice on September 29, 2017), Plaintiff's caller identification stated "Keller Williams"; redialing this number, Plaintiff reached an office of Keller Williams Real Estate, in Illinois. Plaintiff was unable to redial the numbers identified on July 12, 2016 and September 14, 2017.

10. Two of these calls, which were received on July 12, 2016 and October 4, 2016, used a mechanical or recorded voice.

3

11. During the call on July 12, 2016 (at 17:39), Plaintiff was transferred to a live person, who never identified the name of her organization. This individual called again eight minutes later, and Plaintiff asked that individual to identify her organization and its address; the individual failed to do so, and terminated the call. During the call on October 4, 2016, Plaintiff was transferred to a live person, who stated twice that she was with the "Energy Discount Office". During the call on September 14, 2017, the caller stated that he was with "Eversource", although the call followed the same language and pattern as other calls identified with Defendants.

12. One of these calls, on December 9, 2016, was silent; Plaintiff received a call fifteen seconds later from the same number, during which call the caller identified himself as being with "Liberty Power".

13. Plaintiff responded to these calls with a Demand Letter to the effect that Defendants were violating state and federal Do-Not-Call laws, and demanding that they stop, with a copy mailed by certified mail to Defendant's Headquarters on December 19, 2016. This letter was delivered by the Postal Service and signed for on December 28, 2016.

14. Defendant's general counsel responded to this letter by e-mail on December 28, 2016, claiming that none of Defendants' 'vendors' had contacted Plaintiff. Plaintiff responded by e-mail with recordings of calls.

15. Defendants' general counsel further responded on January 26, 2017, admitting that one call had been made on behalf of Defendants. Despite the demand that Defendant stop calling Plaintiff, Plaintiff received at least four calls from Defendant in 2017.

4

16. Plaintiff's Demand Letter also demanded that Defendants provide Plaintiff with the name and location of any lead generator who provided Defendant with Plaintiff's telephone number. Defendant has never provided this information.

17. At no time did Plaintiff give Defendant or their agent express written permission to call either of his telephone numbers.

## COUNT I

### VIOLATIONS OF FEDERAL DO-NOT-CALL LAWS

18. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-17 as if fully set forth herein.

19. Defendant on nineteen occasions knowingly and willfully violated 47 U.S. Code § 227(b)(1)(A)(iii), 15 U.S. Code § 6102(a)(3)(A), and 16 U.S. Code § 310.4(b)(1)(iii)(B) by calling Plaintiff's cellular telephone number, which was and is registered with the State and Federal Do-Not-Call Registries, those calls not being regarding a debt, and without Plaintiff's express written permission.

20. Defendant on those nineteen occasions knowingly and willfully violated 47 U.S. Code § 227(e)(1) and 15 U.S. Code § 6102(a)(3)(A) by blocking the Plaintiff's caller identification device, and in so doing committed nineteen distinct violations of 47 U.S. Code § 227.

21. Defendant on seventeen of these occasions knowingly and willfully violated 47 U.S. Code § 227(b)(1)(B) and 15 U.S. Code § 6102(a)(3)(A) by calling Plaintiff's cellular

5

telephone number using an automatic telephone dialing system, as defined in 47 U.S. Code § 227(a)(1).

22. Defendant on two occasions (identified in Paragraph 10) knowingly and willfully violated 47 U.S. Code § 227(b)(1)(A)(iii), 15 U.S. Code § 6102(a)(3)(A), and 16 U.S. Code § 310.4(b)(v) by calling Plaintiff's cellular telephone number, which was and is registered with the State and Federal Do-Not-Call Registries, using an artificial or prerecorded voice, without Plaintiff's express written permission, those calls not being regarding a debt, nor exempted by statute.

23. Defendant on five of these occasions (identified in Paragraphs 11 and 12) knowingly and willfully violated 47 U.S. Code § 227(d)(3), 15 U.S. Code § 6102(a)(3)(C), and 16 U.S. Code § 310.4(a)(8) by not informing Plaintiff of the correct name of the telemarketing company or end seller, and by not informing Plaintiff of the ultimate seller of goods, and in so doing committed five distinct violations of 47 U.S. Code § 227.

## COUNT II

### VIOLATIONS OF THE MASSACHUSETTS DO-NOT-CALL STATUTE M.G.L. c. 159C AND THE MASSACHUSETTS CONSUMER PROTECTION ACT

24. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-23 as if fully set forth herein.

25. Defendant on nineteen occasions knowingly and willfully violated M.G.L.c.159C§3(i) and 201 CMR 12.02(1) by calling Plaintiff's home and cellular telephone

number, which was and is registered with the State and Federal Do-Not-Call Registries, those calls not being regarding a debt, and without Plaintiff's express written permission.

26. Defendant on those nineteen occasions knowingly and willfully violated M.G.L.c.159C§4 and 201 CMR 12.02(5) by blocking Plaintiff's caller identification device.

27. Defendant on two occasions (identified in Paragraph 10) knowingly and willfully violated M.G.L.c.159C§3(iv) and 201 CMR 12.02(4) by using a recorded message.

28. Defendant on five occasions (identified in Paragraph 11) knowingly and willfully violated M.G.L.c.159C§5A(a), 201 CMR 12.02(7) by not disclosing the correct name of the telemarketing company or the name of the ultimate seller.

29. All of the above acts constituted violations of the Massachusetts Consumer Protection Act, M.G.L.c.93A, being unfair and deceptive acts.


**WHERFORE**, Plaintiff requests that this honorable Court:

A. Enter judgment against Defendants on all counts;

B. Award damages in the amount of $31,000 for the sixty-two violations enumerated in Count I: $500 for each as a violation of Federal law per 47 U.S. Code §§ 227(c)(5)(B) and 227(b)(3)(B), including violations of 15 U.S. Code § 6102 and 16 U.S. Code § 310.4;

C. Find that some or all of the violations of Federal Law were committed willfully and knowingly, and award damages to Plaintiff and double or treble all such damages, as applicable and as the court deems appropriate, pursuant to the provisions of 47 U.S. Code § 227 and M.G.L. c. 93A §2;

7

    D.    Award damages in the amount of $95,000 for the nineteen violations enumerated in Count II: $5,000 for each as a violation of Massachusetts law per M.G.L.c.159C §5(b)(2);

    E.    Award damages to Plaintiff for violations of M.G.L. c. 93A, as outlined in this Complaint;

    F.    Award Plaintiff costs of suit; and

    G.    Issue a Permanent Injunctive Order enjoining all defendants from ever contacting Plaintiff by telephone, at his home or cellular telephone numbers, as allowed by 47 U.S. Code §§ 227(c)(5)(A) and 227(b)(3)(A).

## PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE

By William McDermet, pro se

*[signature]* 10/10/17
William McDermet
4 Second Street
Ipswich, MA 01938
978.270.8669
xebec2718@gmail.com

8

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1777CV01536 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: William McDermet vs. Liberty Power Corp, LLC et al | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: William McDermet 4 Second Street Ipswich, MA 01938 | | COURT NAME & ADDRESS Essex County Superior Court - Salem J. Michael Ruane Judicial Center 56 Federal Street Salem, MA 01970 |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION — DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/09/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 02/08/2018 | |
| All motions under MRCP 12, 19, and 20 | 02/08/2018 | 03/12/2018 | 04/09/2018 |
| All motions under MRCP 15 | 12/05/2018 | 01/04/2019 | 01/04/2019 |
| All discovery requests and depositions served and non-expert despositions completed | 10/01/2019 | | |
| All motions under MRCP 56 | 10/31/2019 | 12/02/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/30/2020 |
| Case shall be resolved and judgment shall issue by | | | 10/12/2020 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 10/11/2017 | Carlotta Patten | (978)825-4800 |

Date/Time Printed 10-11-2017 09:24:15    SCV026\ 11/2014