UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDERMET,<br><br>      Plaintiff,<br>v.<br><br>LIBERTY POWER CORP., LLC,<br><br>      Defendants. | Case No. 1:18-cv-10043-ADB |
| LIBERTY POWER CORP., LLC,<br>as parent of Liberty Power Holdings, LLC,<br><br>      Defendant/Third-Party Plaintiff,<br><br>v.<br><br>MEZZI MARKETING, LLC,<br><br>      Third-Party Defendant. | |

**THIRD-PARTY COMPLAINT OF LIBERTY POWER CORP., LLC**

Liberty Power Corp., LLC ("Liberty Power"), as Third-Party Plaintiff, files this Third-Party Complaint against Third-Party Defendant, Mezzi Marketing, LLC ("Mezzi"). Liberty Power alleges as follows:

**INTRODUCTION**

1.  This is an action by Defendant/Third-Party Plaintiff Liberty Power for indemnification and contribution against Third-Party Defendant Mezzi arising out of a complaint (the "Underlying Complaint") filed by William McDermet ("McDermet").

{K0704505.2}

## PARTIES

2. Third-Party Plaintiff Liberty Power is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business located at 2100 W. Cypress Creek Rd., Suite 130, Fort Lauderdale, Florida.

3. Liberty Power is the parent company of Liberty Power Holdings, LLC ("LPHLLC"). LPHLLC is a limited liability company duly organized under the laws of the State of Delaware with a principal place of business located at 2100 W. Cypress Creek Rd., Suite 130, Fort Lauderdale, Florida.

4. Mezzi is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business located at 680 Amboy Ave, Woodbridge, New Jersey.

## JURISDICTION

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), which gives this court supplemental jurisdiction over this claim as it is part of the same case and controversy as the claims over which the Court has original jurisdiction.

## FACTS

6. On or about October 11, 2017, McDermet commenced this litigation against Liberty Power. The Underlying Complaint alleges that Liberty Power violated the Federal Telephone Consumer Protection Act (47 U.S.C. § 227), Massachusetts's Telemarketing Solicitation statute (G.L. c. § 159C), and the Massachusetts Consumer Protection Act (G.L. c. 93A). A true and accurate copy of the Underlying Complaint is attached hereto as <u>Exhibit A</u>.

7. On or about May 5, 2016, LPHLLC and Mezzi entered into a Telesales Channel Agreement (the "Agreement") whereby Mezzi agreed to perform marketing and customer

acquisition services by use of telesales activities, with mutual promises, covenants, and agreements included therein. A true and accurate copy of the Telesales Channel Agreement is attached hereto, and incorporated herein by reference as <u>Exhibit B.</u>

8. On or about January 1, 2017, LPHLLC and Mezzi executed an Amendment to the Agreement. A copy of the Amendment to the Telesales Channel Agreement is attached hereto, and incorporated herein by reference as <u>Exhibit C</u>.

9. The Agreement, as amended, is a valid binding contract between LPHLLC and Mezzi.

10. At all times relevant hereto with respect to the Underlying Complaint, Liberty Power was the known and intended third-party beneficiary of the Agreement and Mezzi knew its actions under the Agreement were intended for the benefit of Liberty Power and LPHLLC.

11. Mezzi agreed to provide services under the Agreement "for the benefit of [LPHLLC] *and any of its affiliates*." Agreement, <u>Exhibit B</u>, p. 1 (emphasis added).

12. Pursuant to Section 2.06 of the Agreement, as amended, entitled "Compliance with Laws," Mezzi agreed to comply with all applicable laws:

> Telesales Channel represents to Retailer that it is familiar with all laws, ordinances, rules, and regulations governing Telesales solicitation of Services and expressly acknowledges that Retailer relies upon such representation. Retailer and Telesales Channel agree to comply with all local, state, and federal laws and regulations, including the telemarketing sales rules adopted by the Federal Trade Commission in 16 C.F.R. Part 310, applicable to the transactions between and among Retailer, Telesales Channel and the Eligible Customers and Acquired Customers.

13. Pursuant to Section 5.01 of the Agreement, as amended, entitled "Indemnity", Mezzi agreed to indemnify Liberty Power for, *inter alia*, breaches of the Agreement and noncompliance with applicable law:

> Telesales Channel agrees to indemnify, defend and hold the Retailer and its Third-Party Supplier harmless against all claims, damages, and liability (including

reasonable attorney's fees, fines, penalties, etc.) resulting from or arising out of Telesales Channel's breach of this Agreement, non-compliance with any applicable law or regulation, other failure to perform its obligations under this Agreement, negligence, misconduct, or any material inaccuracy of any representation or warranty set forth in this Agreement. The obligation set forth in this Paragraph shall survive the expiration or any termination of this Agreement, with respect to any such claim, damage or liability, until the statute of limitations applicable to such matter has expired.

14. Upon information and belief, Mezzi made certain telephone calls received by and complained of by McDermet in the Underlying Complaint.

15. By letter dated January 5, 2018, in accordance with Section 5.01 of the Agreement, Liberty Power provided prompt written notice of the Underlying Complaint to Mezzi and demanded that Mezzi assume sole control of the defense of the same. Liberty Power further demanded indemnification from Mezzi pursuant to the Agreement. A true and accurate copy of the January 5, 2018 letter is attached hereto, and incorporated herein by reference as Exhibit D.

16. Mezzi acknowledged receipt of Liberty Power's indemnification request by email from Ali Nadeem dated January 25, 2018.

## COUNT I

## INDEMNIFICATION

17. Liberty Power repeats and incorporates by reference the allegations contained within Paragraphs 1 through 16 of this Third-Party Complaint as if each were fully set forth herein.

18. Pursuant to the Agreement, Mezzi is obligated to comply with all applicable laws.

19. Pursuant to the Agreement, Mezzi is required to indemnify Liberty Power from and against all claims, damages and liability resulting from, *inter alia*, Mezzi's breach of the

Agreement, noncompliance with any applicable laws, and other failure by Mezzi to perform its obligations under the Agreement.

20. Liberty Power provided prompt written notice to Mezzi of the Underlying Complaint and attempted to tender sole control of the defense of the claim to Mezzi by letter dated January 5, 2018.

21. Should Liberty Power be found liable to McDermet in the instant action, which liability Liberty Power expressly denies, such liability will be due to certain telephone calls placed by Mezzi and received by and complained of by McDermet in the Underlying Complaint.

22. Therefore, Liberty Power is entitled to complete indemnification from Mezzi for all damages, costs, and expenses assessed.

WHEREFORE, Defendant/Third-party Plaintiff Liberty Power respectfully demands judgment against Third-party Defendant, Mezzi Marketing, LLC, for indemnification, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

## COUNT II

## **CONTRIBUTION**

23. Liberty Power repeats and incorporates by reference the allegations contained within Paragraphs 1 through 22 of this Third-Party Complaint as if each were fully set forth herein.

24. McDermet has alleged in the Underlying Complaint that he incurred damages as a result of Liberty Power's purported actions.

25. If Liberty Power is liable to McDermet in this action, which it expressly denies, then such liability, if any, is attributable to the acts and omissions of Mezzi.

26. Liberty is entitled to receive contribution from Mezzi if Liberty Power is liable to McDermet in this action, which it expressly denies.

WHEREFORE, Defendant/Third-Party Plaintiff Liberty Power respectfully demands judgment against Third-Party Defendant, Mezzi Marketing, LLC, for contribution, together with interest, costs and attorney's fees, and other such relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Liberty Power demands trial by jury as to all issues so triable.

Respectfully submitted,

**LIBERTY POWER CORP., LLC,**

By its attorneys,

/s/ Pamela C. Rutkowski
Craig R. Waksler (B.B.O. # 566087)
Pamela C. Rutkowski (B.B.O. # 681618)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
cwaksler@eckertseamans.com
prutkowski@eckertseamans.com

Dated:  February 13, 2018

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants, including specifically by first class U.S. mail, postage prepaid, to:

William McDermet, *pro se*
4 Second Street
Ipswich, MA 01938

Date:   February 13, 2018

                                        /s/ Pamela C. Rutkowski
                                        Pamela C. Rutkowski